**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER LIPSEY,

          Plaintiff-Appellant,

 v.

R. HERNANDEZ; et al.,

          Defendants-Appellees,

 and

REDDY, Dr.; et al.,

          Defendants.

Nos.  19-15612
        19-16600

D.C. No. 1:17-cv-00569-LJO-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

   In these consolidated appeals, Christopher Lipsey appeals pro se from the

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment for failure to exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Lipsey failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances in which administrative remedies are unavailable, including when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Williams*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him").

The district court did not abuse its discretion by denying Lipsey's motions for reconsideration because Lipsey failed to demonstrate any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63

(9th Cir. 1993) (standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Appellees' opposed motion to strike portions of the opening brief and attached exhibits (Docket Entry No. 21 in No. 19-15612; Docket Entry No. 20 in No. 19-16600) is denied as unnecessary.

**AFFIRMED.**